UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JAMES TYLER TURNER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:19-CV-267-TAV-DCP |
| | ) | |
| JEFF COFFEY, | ) | |
| GLEN BALLINGER, and | ) | |
| RICKY OAKES, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 2].

**I. FILING FEE**

Plaintiff alleges that prison officials have refused to complete a certified copy of his inmate trust account, despite his repeated attempts to obtain such information to support his motion for leave to proceed *in forma pauperis* [*See* Doc. 7]. Therefore, the Court will presume that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, his motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**.

Because Plaintiff is an inmate in the Grainger County Detention Center, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, the greater of:

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)–(B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2), 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy of this memorandum and order to the Court's financial deputy.

## II. SCREENING

### A. COMPLAINT ALLEGATIONS

Plaintiff was involved in a physical altercation on December 5, 2018, while housed at the Jefferson County Justice Center that resulted in a charge of aggravated assault against him and a "charge partner" [Doc. 1 p. 3–4]. Plaintiff asserts that since the incident his partner has been allowed to work and earn good-time credits, while Plaintiff has been placed on lockdown [*Id.* at 4]. Plaintiff maintains that Chief Glenn Ballinger repeatedly

promised him a job so that he could earn credits, but that on July 11, 2019, Plaintiff was informed he was not eligible to work because of the aggravated assault charge [*Id.*].

Plaintiff asserts that Sheriff Jeff Coffey, Chief Glenn Ballinger, and Captain Ricky Oakes have ignored his complaints, both formal and informal [*Id.*]. He asks the Court to move him to a county where he can earn work credits and award him monetary compensation "for emotional stress" [*Id.* at 5].

### B. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The Supreme Court articulated the pleading standard for complaints to survive dismissal under Federal Rule of Civil Procedure 12(b)(6) in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). This standard "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*,

404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery, however, are not well pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### C. ANALYSIS

As to Plaintiff's allegation that all three Defendants ignored his grievances, the Court notes that inmates have no constitutional right to a prison grievance procedure, nor do they possess a protected interest in having their grievances resolved satisfactorily. *See LaFlame v. Montgomery Cty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001). Accordingly, Plaintiff's allegation that Defendants ignored his grievances fails to state a claim under 42 U.S.C. § 1983.

Next, the Court finds that, to the extent Plaintiff challenges his lockdown status, such confinement does not generally constitute an atypical and significant hardship in the context of prison life so as to raise a due process concern. *See Sandin v. Conner*,

515 U.S. 472, 484 (1995) (holding a prison restriction does not implicate a protected interest unless the restriction constitutes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Additionally, the inability to earn sentence credits while in segregated placement does not implicate a protected interest. *See Randolph v. Campbell*, 25 F. App'x 261, 263 (6th Cir. 2001). Therefore, Plaintiff's placement in "lockdown" for disciplinary reasons fails to implicate a constitutional right of Plaintiff.

The crux of Plaintiff's complaint, however, is that he has been denied a prison job that will allow him to earn sentence credits. While Plaintiff's desire to earn credits toward an earlier release is certainly understandable, he has no protected interest in a prison job and cannot assert the denial of one as a constitutional violation. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) ("Although job and educational opportunities diminished marginally, . . . deprivations of this kind simply are not punishments. We would have to wrench the Eighth Amendment from its language and history to hold that delay of these desirable aids to rehabilitation violates the Constitution."); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("It is well established, however, that no prisoner has a constitutional right to a particular job or to any job."). Therefore, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

### III.  CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted;

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE